UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harvey Lee Turner,

       Petitioner,

v.                                                           Civil No. 10-4353 (JNE/SER)
                                                           ORDER

Scott P. Fisher,

       Respondent.

      This case is before the Court on a Report and Recommendation dated October 5, 2011. The magistrate judge recommended that Harvey Lee Turner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody be dismissed for lack of jurisdiction. Turner objected. In his response to Turner's objections, Respondent stated that he had addressed Turner's arguments in his response to Turner's petition, that he had no additional response to Turner's objections, and that the Report and Recommendation should be adopted. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court declines to adopt the Report and Recommendation. For reasons different from those articulated by the magistrate judge, the Court dismisses Turner's § 2241 petition for lack of jurisdiction.

      On October 21, 2004, a grand jury in the Northern District of Illinois returned a three-count indictment against Turner. Count one charged that Turner, a felon, had violated 18 U.S.C. § 922(g)(1) by possessing firearms and ammunition. Count two charged that he had violated 21 U.S.C. § 841(a)(1) by possessing with intent to distribute in excess of five grams of a mixture containing cocaine base. Count three charged that Turner had violated 18 U.S.C. § 924(c)(1)(A) by possessing firearms in furtherance of a drug trafficking crime. On April 7, 2005, a three-

count superseding indictment that reiterated the charges against Turner was filed. Fifteen days later, Turner pleaded guilty to all counts of the superseding indictment.

"At sentencing, the district court concluded—with Turner's full agreement—that Turner is a career offender under U.S.S.G. § 4B1.1 and that, accordingly, he faced a guidelines imprisonment range of 292 to 365 months." *United States v. Turner*, 191 F. App'x 488, 489 (7th Cir. 2006). The district court sentenced him to a total term of imprisonment of 292 months: on count one, 180 months;[1] on count two, 60 months (8 months to run concurrently and 52 months to run consecutively); and on count three, 60 months to run consecutively. Turner appealed, and his counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The court of appeals granted the motion to withdraw, considered the issues identified by counsel and Turner, and dismissed the appeal. *Turner*, 191 F. App'x at 489-90.

In January 2007, Turner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argued that he received ineffective assistance of counsel and that he was sentenced based on improper information regarding his status as a career offender. In April 2007, the Northern District of Illinois denied Turner's § 2255 motion. It did not issue a certificate of appealability.

In March 2010, Turner filed a motion under Rule 36 of the Federal Rules of Criminal Procedure to correct his sentence. Noting that Rule 36 allows a district court to correct a clerical

---

[1] In general, a defendant who is found guilty of a violation of § 922(g) faces a maximum term of imprisonment of ten years. 18 U.S.C. § 924(a)(2). "The Armed Career Criminal Act, however, imposes a more stringent mandatory fifteen year minimum prison term upon felons who unlawfully possess a firearm in violation of § 922(g), and who also have three or more previous convictions for certain drug crimes or 'violent felon[ies].'" *United States v. Heikes*, 525 F.3d 662, 663 (8th Cir. 2008) (quoting 18 U.S.C. § 924(e)(1)). The Northern District of Illinois sentenced Turner on count one under the Armed Career Criminal Act.

error and that Turner sought substantive relief, the Northern District of Illinois dismissed Turner's Rule 36 motion for lack of jurisdiction.

Approximately one month later, Turner, who is incarcerated in a federal correctional institution in Minnesota, filed his § 2241 petition. He asserted that recent decisions of the Supreme Court—*Begay v. United States*, 553 U.S. 137 (2008), and *Johnson v. United States*, 130 S. Ct. 1265 (2010)—"require that he be resentenced without the armed career criminal or career criminal enhancement included in his original sentence." In his response to Turner's § 2241 petition, Respondent argued that the petition should be dismissed for lack of jurisdiction and that, in the alternative, the petition should be denied.

"A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* 28 U.S.C. § 2255(e). "[T]he petitioner has the burden of showing that the remedy under § 2255 would be inadequate or ineffective." *Abdullah*, 392 F.3d at 959. "[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). The remedy under § 2255 "is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred." *Abdullah*, 392 F.3d at 959; *see United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).

Referring to his § 2255 motion, Turner stated that he "wishes to reiterate his previous claim, but knows it would be inadequate under [§] 2255 because this claim does not 'allege' new factors or rely on new constitutional law." When he sought relief under § 2255, Turner asserted

3

that the law of the Seventh Circuit "was against him." He continued, "The Supreme Court has recently overruled the Circuit's interpretation of the relevant statutory language, but does not announce a new rule of constitutional law, so [he] would be foreclosed from a second [§] 2255 motion; therefore, he is entitled to use [§] 2241 to make his argument under the new statutory interpretation."

Turner has not demonstrated that the remedy of § 2255 is inadequate or ineffective. *See Glover v. Tamez*, 426 F. App'x 342, 343 (5th Cir. 2011) (per curiam) (stating that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241"; concluding that petitioner, who argued that he was actually innocent of his sentence under the Armed Career Criminal Act because his prior conviction for larceny from a person was not a violent felony in light of *Johnson*, did not show that remedy of § 2255 was inadequate or ineffective); *Dority v. Roy*, 402 F. App'x 2, 2-3 (5th Cir. 2010) (per curiam) (concluding that petitioner, who argued that he was actually innocent of his sentence under the Armed Career Criminal Act because his prior conviction for escape from a penal institution was not a violent felony in light of *Chambers v. United States*, 555 U.S. 122 (2009), did not show he was entitled to proceed under § 2241 based on the savings clause of § 2255(e)), *cert. denied*, 131 S. Ct. 3023 (2011); *Collins v. Ledezma*, 400 F. App'x 375, 376 (10th Cir. 2010) ("A claim of actual innocence with respect to a noncapital sentence enhancement, rather than an underlying crime, does not come within the scope of § 2255's savings clause."); *Bush v. Elbert*, 299 F. App'x 147, 149 (3d Cir. 2008) (per curiam) (affirming district court's dismissal of § 2241 petition because petitioner, who argued sentence under the Armed Career Criminal Act was illegal, did not demonstrate that remedy of § 2255 was inadequate or ineffective); *Middleton v. Schult*, 299 F.

App'x 94, 95-96 (2d Cir. 2008) (affirming dismissal of § 2241 petition for lack of jurisdiction where petitioner could have challenged his sentence under the Armed Career Criminal Act earlier); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003) ("In this case, Raymer has presented only a challenge to his sentencing under the [Armed Career Criminal Act], not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under § 2241."); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) ("Davenport is attacking his sentence rather than his conviction, for the armed career criminal act is a sentence-enhancement statute; he is 'innocent' (if his claim has merit) only in a technical sense. For him to be able to file successive motions for postconviction relief, but not someone who had been denied all right to counsel or had a confession beaten out of him but was unable to argue that he had in fact been innocent of the crimes of which he had been convicted, would correspond to no intelligible concept of either legal or substantive justice."). The Court therefore dismisses his § 2241 petition for lack of jurisdiction.[2] *See Abdullah*, 392 F.3d at 958, 964; *Hill*, 349 F.3d at 1091; *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

---

[2] The Court notes that Respondent did not "contest[] a federal prisoner's right to obtain post-conviction relief under Section 2241 or Section 2255 from a sentence erroneously enhanced above the statutory maximum based on a non-qualifying predicate conviction in light of *Begay* . . . and *Johnson*." Respondent nevertheless asserted that "this principle has no application in cases like [that of Turner] because his sentence is within the authorized statutory maximum, not above it. Even if [Turner] had been erroneously sentenced under Chapter Four [of the sentencing guidelines] or the [Armed Career Criminal Act], his sentence is within the authorized statutory maximum." The Court is not bound by Respondent's characterization of the scope of relief available under § 2241. *See Gilbert v. United States*, 640 F.3d 1293, 1306 & n.14 (11th Cir. 2011) (en banc). In any case, the Court questions Respondent's assertion that Turner's sentence is within the authorized statutory maximum without regard to whether he was erroneously sentenced under the Armed Career Criminal Act. *See Sun Bear v. United States*, 644 F.3d 700, 703 (8th Cir. 2011) (en banc); *Gilbert*, 640 F.3d at 1319 n.20. As noted above, application of the Armed Career Criminal Act to Turner subjected him to a minimum term of imprisonment of

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Turner's § 2241 petition [Docket No. 1] is DISMISSED for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 31, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

fifteen years on count one instead of the maximum term of imprisonment of ten years he would have otherwise faced on that count.

As to whether the convictions identified by Turner constitute violent felonies in the wake of *Begay* and *Johnson*, the Court expresses no opinion. The Court does, however, question Respondent's assertion that a conviction for aggravated battery under Illinois law is "[c]ategorically" a "predicate offense" under the Armed Career Criminal Act. *See United States v. Evans*, 576 F.3d 766, 767-69 (7th Cir. 2009) (per curiam); *cf. United States v. Aviles-Solarzano*, 623 F.3d 470, 472 (7th Cir. 2010) ("[B]ut just being told that a person was convicted of aggravated battery because he committed a battery on a public way does not enable an inference that he was convicted of a crime of violence.").

Finally, the Court notes that the district judge in *Talbott v. Fisher*, Civ. No. 10-1553, 2010 WL 5313479 (D. Minn. Dec. 20, 2010), concluded that a § 2241 petition that advanced arguments similar to those asserted by Turner "fit[] within § 2255(e)" such that it "should be considered on the merits." (The magistrate judge had recommended granting the respondent's motion to dismiss for lack of jurisdiction. In response to the petitioner's objection, the respondent essentially conceded that jurisdiction was proper.) Later, the magistrate judge recommended that the case be dismissed with prejudice, and the district judge adopted the recommendation. *Talbott v. Fisher*, Civ. No. 10-1553, 2011 WL 2112437 (D. Minn. May 27, 2011). The petitioner appealed, and the case is pending before the Eighth Circuit.